**O**
**JS-6**

cc: order, docket, remand letter to
San Luis Obispo Superior Court, No. CV 120318

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON RICH,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>BEST BUY STORES, L.P. et al.,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-1831-ODW(FFMx)<br><br>**ORDER REMANDING CASE** |

The Court previously remanded this case on September 6, 2012. Defendants again remove this case, alleging diversity jurisdiction based on newly discovered facts. But after carefully considering the Notice of Removal and supporting exhibits, the Court finds that Defendants have failed to establish diversity jurisdiction. The Court therefore **REMANDS** this case to San Luis Obispo County Superior Court.

Federal courts are courts of limited jurisdiction, only having subject-matter jurisdiction over matters authorized by the Constitution and Congress. *E.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a suit to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). But a court must remand the action to state court if the court finds that it lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "The presence or absence of

federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A case removed from state court should be remanded if it appears that it was removed improvidently. 28 U.S.C. § 1447(c). Because the "removal statutes are strictly construed against removal," doubts about removal must be resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). And where a plaintiff does not specify a dollar figure in the state-court complaint, the removing defendant must provide evidence establishing—by a preponderance of the evidence—that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Evidence the court may consider here includes "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). And where injunctive or declaratory relief is requested, the amount in controversy is based on the "value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

The Court previously remanded this case because Defendants failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. This time around, Defendants contend that they have new and sufficient facts to support that amount. Even so, a notice of removal must be filed within the new 30-day window that opened upon revelation of these new facts. *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999). This, Defendants did not do.

      The facts Defendants rely on to satisfy the amount in controversy were discovered more than 30 days before they filed their Notice of Removal. Defendants contend that they deposed Plaintiff on February 5, 2013, and learned that he sought more than $75,000 in damages. (Not. of Removal ¶ 7.) This deposition occurred more than 30 days before Defendants filed the Notice on March 14, 2013. Further, Plaintiff presents compelling evidence that Defendants learned of the same facts from Plaintiff's January 8, 2013 Answers to Defendants' interrogatories. (Reply 3–4.)

      The Court finds that Defendants' Notice of Removal is untimely under 28 U.S.C. § 1446(b)(3). Thus, the Court **REMANDS** this action to San Luis Obispo County Superior Court.

      **IT IS SO ORDERED.**

      April 15, 2013

                              _____
                                   **OTIS D. WRIGHT, II**
                           **UNITED STATES DISTRICT JUDGE**